UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| THE ESTATE OF LEVI JOHN WRIGLEY,<br><br>    Plaintiff,<br><br>vs.<br><br>LOZIER CORPORATION, a foreign corporation, and JOHN DOES 1-XXX, whose true identies are unknown,<br><br>    Defendants. | Case No.: 1:12-cv-00507-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**MOTION TO FILE FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Docket No. 17)** |

    Now pending before the Court is Plaintiff's Motion to File First Amended Complaint and Demand for Jury Trial (Docket No. 17). Having carefully reviewed the record and otherwise being fully advised, the undersigned enters the following Memorandum Decision and Order:

### I. RELEVANT BACKGROUND

    1.    Levi John Wrigley was injured while adjusting an "end cap" display shelving unit (the "product") while employed by C-A-L Ranch Stores at its Burley, Idaho store. *See* Compl., ¶¶ 15 & 20 (Docket No. 1). Plaintiff alleges that, as a result of the product's allegedly defective design, it tipped, causing a box to fall and strike Mr. Wrigley on the head. *See id.* at ¶ 24.

    2.    According to Plaintiff, that accident caused soft tissue injuries to Mr. Wrigley's neck, aggravating a virus that resulted in a methicillin-resistant Staphylococcus aureus (MRSA) epidural abscess within Mr. Wrigley's spinal column. *See id.* at ¶¶ 25-27. The epidural abscess rendered Mr. Wrigley paraplegic. *See id.* at ¶ 28.

**MEMORANDUM DECISION AND ORDER - 1**

3. Defendant Lozier Corporation ("Lozier") manufactured, delivered, and installed the product. *See id*. at ¶ 22.

4. On October 13, 2011, Mr. Wrigley brought claims against Lozier in Idaho state court, Ada County. *See id*. Mr. Wrigley attributed his injuries to Lozier's allegedly defective product. *See id*.

5. Mr. Wrigley died in September 2012. *See* Mem. in Supp. of Mot. to Am., p. 1 (Docket No. 18).

6. On October 2, 2012, Lozier removed the action to this Court. *See id*. at p. 1; *see also* Not. of Removal (Docket No. 1). On December 18, 2012, Mr. Wrigley's estate was substituted in as Plaintiff in this action. *See* 12/18/12 DEO (Docket No. 13). Plaintiff contends Mr. Wrigley's death resulted from Lozier's allegedly defective product. *See* Mem. in Supp. of Mot. to Am. p. 2 (Docket No. 18).

7. During discovery following removal, the C-A-L Ranch Stores manager testified that, after reviewing a previously-unknown video recording of the accident, it appeared that another C-A-L Ranch Stores employee, Tristan Andrew, intentionally shook the product at the time box fell from the product shelf. *See id*. at pp. 1-2. The video recording was not preserved. *See id*. at p. 2.

8. In the pending Motion, Plaintiff seeks to (1) include Mr. Wrigley's parents, Glen and Peggy Wrigley, as Plaintiffs because of their alleged wrongful death claims following Mr. Wrigley's September 2012 death, and to (2) include claims against Mr. Andrew and C-A-L Stores Companies, Inc., d/b/a C-A-L Ranch Stores. *See id*.

**MEMORANDUM DECISION AND ORDER - 2**

9.	Lozier does not object to the addition of Mr. Andrew and C-A-L Ranch Stores as Defendants. *See* Resp. to Mot. to Am., p. 2 (Docket No. 19) ("[I]t appears there is a factual basis to add Mr. Andrew and his employer, who may be vicariously liable for his intentional conduct and horseplay, as parties to this matter."). However, Lozier argues that the addition of the Mr. and Mrs. Wrigley as Plaintiffs would be futile because "there is no factual basis supporting a wrongful death claim." *See id*.

## II.  DISCUSSION

**A.	Amending Pleadings: The Standard**

Once the district court has filed a pre-trial scheduling order pursuant to FRCP 16 (which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed, first, by FRCP 16(b), and only secondarily by FRCP 15(a). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). In other words, where a motion to amend the pleadings is filed after the cut-off date in the scheduling order, federal courts apply a two-step analysis. *See id.*; *see also Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001). First the court must determine whether "good cause" exists for the requested modification of the scheduling deadline under FRCP 16(b); second, if the court is satisfied that the movant has demonstrated "good cause" under FRCP 16(b), the court then must determine whether the party has satisfied the requirements for amendment under FRCP 15(a). *See Pumpco*, 204 F.R.D. at 668; *see also Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (holding that party seeking to amend pleading after date specified in scheduling order must first show "good cause" for amendment under FRCP 16(b), then, if "good cause" is shown, party must demonstrate that amendment is proper under FRCP 15).

**MEMORANDUM DECISION AND ORDER - 3**

1. <u>FRCP 16(b)</u>

FRCP 16(b) provides that a scheduling order may be modified only upon a showing of "good cause." *See* Fed. R. Civ. P. 16(b)(4). Unlike FRCP 15(a), which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, FRCP 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *See Johnson*, 975 F.2d at 609. The Ninth Circuit has stated that a "district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id*. (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). Put simply, "good cause" means scheduling deadlines cannot be met despite a party's diligence. *See* 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990).

2. <u>FRCP 15(a)(2)</u>

FRCP 15(a)(2) provides that amendments to pleadings should be liberally granted in the interests of justice. The Rule states: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). However, the right to amend is not absolute. When determining whether amendments should be granted, the Court should consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, futility of amendment, etc . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Prejudice to the opposing party is the most important factor for consideration. *See*

**MEMORANDUM DECISION AND ORDER - 4**

*Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330-31 (1971)).

**B.   Plaintiff is Permitted to Amend its Complaint to Include (1) Mr. And Mrs. Wrigley as Plaintiffs and (2) Mr. Andrew and C-A-L Ranch Stores as Defendants**

Though the March 11, 2013 deadline for amending pleadings has passed, the parties do not question that good cause exists to now amend the January 3, 2013 Scheduling Order to accommodate additional parties. In light of Mr. Wrigley's death, coupled with the revelation during discovery that other circumstances may have contributed to Mr. Wrigley's accident, the undersigned agrees. Therefore, pursuant to FRCP 16(b)(4), good cause exists for Plaintiff to modify the Scheduling Order, extending the deadline to amend pleadings from March 11, 2013 to the date of this Memorandum Decision and Order.

Notwithstanding the amendment deadline's extension, Lozier nonetheless objects to the addition of Mr. and Mrs. Wrigley as Plaintiffs under FRCP 15(a)(2) and Idaho's substantive statutory and case law.[1] Specifically, Lozier argues that "there is a complete lack of evidence to support the conclusion that Mr. Wrigley's death was causally related to the accident"[2] and, therefore, Mr. And Mrs. Wrigley have no wrongful death claim under Idaho law to support the related amendment that Plaintiff now seeks. *See* Resp. to Mot. to Am., p. 4 (Docket No. 19) ("Should the Plaintiff be granted the opportunity to amend the Complaint to assert a wrongful death claim, the claim would be subject to summary judgment dismissal on the basis that there is

---

[1] Lozier does not object to that portion of Plaintiff's Motion seeking to add Mr. Andrew and C-A-L Ranch Stores as Defendants. Therefore, Plaintiff's Motion is granted in this respect.

[2] Citing to an autopsy report, Lozier contends that Mr. Wrigley's death was caused by "diabetic ketoacidosis as a complication from diabetes, a condition from which Mr. Wrigley suffered prior to the accident at issue and had no connection with the accident." *See* Resp. to Mot. to Am., p. 4 (Docket No. 19).

**MEMORANDUM DECISION AND ORDER - 5**

no evidence that his death from diabetic ketoacidosis was caused by the accident . . . and instead was related to his preexisting diabetic condition. Since this portion of the amendment would be futile the Court should deny the Plaintiff's request to amend the Complaint to assert a cause of action for wrongful death.").

In response, Plaintiff disputes Lozier's ability to challenge Plaintiff's amendment efforts absent a motion to dismiss or motion for summary judgment, and also suggests that Dr. Craig Beaver (a psychologist who participated in Mr. Wrigley's health care prior to his death) believes that Mr. Wrigley's paralysis following the accident "was a substantial factor in bringing about his inability to adequately manage his diabetes." *See* Reply in Supp. of Mot. to Am., p. 2 (Docket No. 20); *see also* Seiniger Supp. Decl., ¶¶ 6-11 (Docket No. 22) ("[Dr. Beaver] advised me that he did believe that the depression and/or psychological issues that Mr. Wrigley suffered as a result of the accident, and resulting paraplegia, were substantial factors in causing his death."). From such information, Plaintiff contends that a good-faith basis exists to support a claim that Mr. Wrigley's death *was* caused by the accident, thus supporting a wrongful death claim brought by his parents. *See* Seiniger Supp. Decl., ¶¶ 12-13 (Docket No. 22).

Without addressing here any contest concerning the permissibility of Lozier's procedural challenge to Plaintiff's amendment attempts (*but see supra* (identifying "futility" as basis to deny amendment)), the Court concludes that on the present record it cannot be said as a matter of law that a wrongful death claim is futile. On the one hand, Lozier contends that Mr. Wrigley died for reasons altogether independent of the accident. Plaintiff believes otherwise, given the opinions of Dr. Beaver. Now is not the time to once and for all test these positions; rather, they are more appropriately vented at the summary judgment stage (assuming "no genuine dispute as to any material fact," consistent with FRCP 56(a)) with a more developed evidentiary record.

**MEMORANDUM DECISION AND ORDER - 6**

For these reasons, Plaintiff's Motion to File First Amended Complaint and Demand for Jury Trial (Docket No. 17) is granted. Plaintiff is permitted to (1) modify the Scheduling Order relating to the deadline to amend its pleading, and (2) amend its Complaint to include Mr. and Mrs. Wrigley as Plaintiffs, and Mr. Andrew and C-A-L Ranch Stores as Defendants.

### III. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to File First Amended Complaint and Demand for Jury Trial (Docket No. 17) is GRANTED.

Plaintiff shall immediately file its amended pleading. Further, the Court will be noticing a telephonic scheduling conference to account for the additional parties and address any applicable deadlines moving forward.



DATED: **October 25, 2013**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 7**