Wm. Breck Seiniger, Jr. (ISB#2387)
SEINIGER LAW OFFICES, P.A.
942 Myrtle Street
Boise, Idaho 83702
Voice: (208) 345-1000
Facsimile: (208) 345-4700

*Attorneys for Plaintiff Wrigley*

### IN THE FOURTH JUDICIAL DISTRICT OF THE STATE OF IDAHO
### IN AND FOR ADA COUNTY

| | |
|---|---|
| **Wilford Glen Wrigley and Peggy Lyn Wrigley,** *husband and wife, individually and as General Personal Representatives of the* **Estate Levi John Wrigley,**<br><br>*Plaintiff,*<br><br>*vs.*<br><br>**Lozier Corporation**, *a foreign corporation,* **C-A-L Stores Companies**, Inc., *d.b.a.* C-A-L Ranch Store Stores *and* **John Does I through XXX,** *whose true identities are unknown,*<br><br>*Defendants.* | **Case No.:** CV12-507-S-REB<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW Wilford Glen Wrigley and Peggy Lyn Wrigley, *husband and wife,*

*individually and as General Personal Representatives of the* Estate Levi John Wrigley**,** through

Wm. Breck Seiniger, Jr., Esq., and for cause of action allege as follows:

Seiniger Law Offices, P.A.
942 Myrtle Street
Boise, Idaho 83702
Voice: (208) 345-1000
Facsimile: (208) 345-4700

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**
- 1 -

<u>JURISDICTION</u>

1. Levi John Wrigley, deceased, at all relevant times herein was, a resident of Cassia County, State of Idaho.

2. Levi John Wrigley died on September 23, 2012.

3. Plaintiff Estate of Levi John Wrigley was substituted into this case in place of Levi John Wrigley when Mr. Wrigley passed away.

4. Plaintiffs Wilford Glen Wrigley and Peggy Lyn Wrigley, *husband and wife,* are the natural parents of decedent Levi John Wrigley.

5. Defendant Lozier Corporation is a foreign corporation whose principal place of business is 6336 Pershing Dr., Omaha, NE 68110.  At all relevant times herein Defendant Lozier Corp. had substantial contacts with and regularly did business in the State of Idaho.

6. Defendant C-A-L Stores Companies, Inc., *d.b.a.* C-A-L Ranch Stores is a general corporation organized under the laws of the State of Idaho.  This Defendant is referred to hereinafter as "Defendant C-A-L Ranch Stores."

7. Defendants John Does I through X are individuals or entities whose true identities are unknown that are predecessors in interest, parent corporations, contractors, independent contractors, or subsidiaries of Lozier Corp., divisions or departments of Lozier Corp., wholly-owned corporations or other business entities owned by Lozier Corp. involved in the design, testing, preparation of warnings concerning, manufacture, delivery, or otherwise with the shelving units described below.

8. Defendants John Does XI through XV are other individuals or entities whose true identities are unknown involved in the design, testing, preparation of warnings concerning,

Seiniger Law Offices, P.A.
942 Myrtle Street
Boise, Idaho 83702
Voice: (208) 345-1000
Facsimile: (208) 345-4700

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**
- 2 -

manufacturing, sale, distribution, installation or maintenance of the shelving units described below.

9. Defendants John Does XVI through XX are other individuals or entities whose true identities are unknown involved in the design, testing, preparation of warnings concerning, manufacturing, sale, distribution, installation or maintenance of the shelving units or other relevant areas of or fixtures within the C-A-L Ranch Store in Burley, Idaho described below who are residents of the State of Idaho.

10. All of the foregoing defendants are collectively referred to as "Defendant Lozier Corp." due to the fact that all such defendants acted jointly and severally, or otherwise as agents or representatives of one another.

11. Defendants John Does XXI through XXV are individuals or entities whose true identities are unknown who were the employees, agents or representatives of C-A-L Ranch Store Stores whose conduct caused Plaintiffs' damages as set forth herein.

12. Defendants John Does XXVI through XXX are individuals or entities whose true identities are unknown whose conduct caused Plaintiffs' damages as set forth herein.

## STATEMENT OF FACTS
### Liability

13. On or about December 19, 2011, Levi John Wrigley, deceased, was employed by C-A-L Ranch Stores at its store located at 226 North Overland Avenue, Burley, Idaho.  The particular C-A-L Ranch Store in question is referred to hereinafter simply as "The C-A-L Ranch Store".

14. The C-A-L Ranch Store is a retail store that carries merchandise including animal health products, animal feed, candy and snacks, clothing and footwear, farm and ranch supplies, hardware and home repair supplies, housewares and gifts, lawn and garden products, pet food

Seiniger Law Offices, P.A.
942 Myrtle Street
Boise, Idaho 83702
Voice: (208) 345-1000
Facsimile: (208) 345-4700

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**
- 3 -

and supplies, power equipment, saddlery and tack, sporting goods, tools, and other home, farm and ranch products.

15. The merchandise retailed at the C-A-L Ranch Store is displayed for purchase primarily on Display Shelving manufactured, distributed and sold by Defendant Lozier Corp.

16. The event described in the following paragraphs which led to the paralysis of Levi John Wrigley, deceased, is referred to hereinafter as "the product failure".

17. In the capacity of his employment, Levi John Wrigley, deceased, was adjusting the base of a product designed and manufactured by Defendant Lozier Corp.  This product is referred to by in its literature as a "Wall End Display."

18. A Wall End Display is sometimes referred to as an "end cap."

19. Wall End Displays manufactured by Defendant Lozier Corp. attach to longer units known as Display Shelving.

20. The particular unit involved in the accident that injured Levi John Wrigley, deceased, is referred to hereinafter as the "Wall End Display."

21. The Wall End Display involved in this case and Display Shelving unit which it abutted were similar to the ones depicted in Exhibits A and B attached hereto.

22. The Wall End Display and Display Shelving unit which it perpendicularly abutted and all of the shelving units used by the C-A-L Ranch Store at the time of the product failure were designed by Defendant Lozier Corp.

23. The Wall End Display and Display Shelving unit which it perpendicularly abutted and all of the shelving units used by the C-A-L Ranch Store at the time of the product failure were manufactured by Defendant Lozier Corp.

Seiniger Law Offices, P.A.
942 Myrtle Street
Boise, Idaho 83702
Voice: (208) 345-1000
Facsimile: (208) 345-4700

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**
- 4 -

**24.** The Wall End Display and Display Shelving unit which it perpendicularly abutted and all of the shelving units used by the C-A-L Ranch Store at the time of the product failure were manufactured, delivered and installed by Defendant Lozier Corp.

**25.** The Wall End Display and Display Shelving unit which it perpendicularly abutted and all of the shelving units used by the C-A-L Ranch Store at the time of the product failure were sold by Defendant Lozier Corp.

**26.** The Wall End Display and Display Shelving unit which it perpendicularly abutted and all of the shelving units used by the C-A-L Ranch Store at the time of the product failure were sold by Defendant Lozier Corp. to Defendant C-A-L Ranch Stores through a distributor.

**27.** Defendant Lozier Corp. was a "product seller" and a "manufacture" as defined in Idaho Code §6-1402.

**28.** Defendant Tristan Andrew was at all relevant times herein an employee and agent of Defendant C-A-L Ranch Stores.

**29.** Depositions taken in this case prior to the Plaintiffs filing a motion to amend suggest that the accident that caused injury to Levi John Wrigley occurred either as a result of Defendant Tristan Andrew <u>intentionally</u> causing the Wall End Display upon which Mr. Wrigley was working to shift, or as a result of Tristan Andrew <u>unintentionally</u> causing the Wall End Display upon which Mr. Wrigley was working to shift

**30.** At all relevant times herein, Defendant Tristan Andrew was acting within the course and scope of his employee by Defendant C-A-L Ranch Stores.

**31.** Alternatively, at all relevant times herein Defendant Tristan Andrew was acting outside the course and scope of his employee by Defendant C-A-L Ranch Stores.

Seiniger Law Offices, P.A.
942 Myrtle Street
Boise, Idaho 83702
Voice: (208) 345-1000
Facsimile: (208) 345-4700

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**
- 5 -

**32.** The Wall End Display that Levi John Wrigley, deceased, was adjusting was defective in design, and as a result of that design, tipped during the adjustment process sufficiently to allow a box sitting upon it to fall and strike him on the head.

**33.** The Wall End Display tipped and spilled the box that struck Levi John Wrigley, deceased, as a result of its defective design when he was adjusting it in a manner foreseeable to Defendant Lozier Corp. and John Does I through XX.

**34.** In the alternative, the Wall End Display tipped and spilled the box that struck Levi John Wrigley, deceased, as a result of its defective design when Defendant Tristan Andrew unintentionally caused the Wall End Display upon which Mr. Wrigley was working to shift.

**35.** In the alternative, the Wall End Display tipped and spilled the box that struck Levi John Wrigley, deceased, as a result of its defective design when Defendant Tristan Andrew intentionally caused he Wall End Display upon which Mr. Wrigley was working to shift

**36.** As a result of Levi John Wrigley, deceased, having been struck on the head by the box, Plaintiff Wrigley sustained soft tissue injuries to his neck.

**37.** The soft tissue injuries sustained by Levi John Wrigley, deceased, aggravated a virus that lay dormant within him.

**38.** The aggravation of the virus resulted in a methicillin-resistant Staphylococcus aureus (MRSA) epidural abscess within the spinal column of Levi John Wrigley, deceased.

**39.** The epidural abscess within Levi John Wrigley spinal column rendered Plaintiff Wrigley paraplegic.

**40.** Upon information and belief, the negligent acts or omissions of Defendants John Does I through XXX were a proximate cause of the injuries sustained by Levi John Wrigley, deceased.

Seiniger Law Offices, P.A.
942 Myrtle Street
Boise, Idaho 83702
Voice: (208) 345-1000
Facsimile: (208) 345-4700

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**
- 6 -

**41.** Upon information and belief, the negligent acts or omissions of the remaining defendants aggravated the injuries of Levi John Wrigley, deceased, sustained as a result of the negligent acts or omissions of Defendants Lozier Corporation and John Does I through XX.

<u>**Damages**</u>

**42.** As a direct and proximate result of the acts and omissions of theDefendants, Levi John Wrigley, deceased, sustained paralysis and death.

**43.** As a direct and proximate result of the acts and omissions of theDefendants, Plaintiff Estate of Levi John Wrigley has sustained special damages that have survived Levi John Wrigley's death and are recoverable by his Estate including but not limited to past medical and funeral expenses.

**44.** Employers Insurance Company, while not a party to this action, has a subrogation claim relating to benefits paid on behalf of Levi John Wrigley, deceased, in connection with an Idaho Workers Compensation claim arising out of the incident described herein.  The Idaho Workers Compensation claim is the subject of Idaho Industrial Case No. 09-032811.

**45.** As a direct and proximate result of the acts and omissions of theDefendants resulting in the wrongful death of Levi John Wrigley, Plaintiffs Wilford Glen Wrigley and Peggy Lyn Wrigley have sustained a loss of consortium and economic damages.

**46.** Plaintiffs damages exceed $75,000.00.

**47.** The conduct of the Defendants was intentional, willful, wanton, reckless, outrageous, and grossly negligent.

**48.** To the extent that any cause of action applicable to the facts of this case or remedy sought by Plaintiff Wrigley requires the pleading of any other aggravated state of conduct or mind, Defendants are on notice that Plaintiff Wrigley hereby includes such allegations.

Seiniger Law Offices, P.A.
942 Myrtle Street
Boise, Idaho 83702
Voice: (208) 345-1000
Facsimile: (208) 345-4700

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**
- 7 -

**49.** Plaintiff Wrigley is entitled to general damages in excess of the limitations contained in

Idaho Code §6-1603.

### FIRST CAUSE OF ACTION
### Strict Liability – Failure to Warn
### (Against Defendant Lozier Corp. and Defendants John Does I through XX)

**50.** Plaintiffs reallege and incorporate by reference all preceding allegations as though fully set

forth *in haec verba.*

**51.** The Wall End Display referred to above was designed and manufactured by Defendant

Lozier Corp.

**52.** Defendant Lozier Corp. and Defendants John Does I through XX is engaged in the business

of selling Wall End Displays similar and including the Wall End Display in this case.

**53.** Defendant Lozier Corp. and Defendants John Does I through XX had a duty to ascertain the

need for warnings relating to the stability of the Wall End Display unit.

**54.** Defendant Lozier Corp. and Defendants John Does I through XX had a duty to create

sufficient warnings relating to the stability of the Wall End Display unit.

**55.** The Wall End Display referred to above was defective in that it was defectively designed and

inherently unstable.

**56.** The defective design and inherent instability of the Wall End Display was not obvious to the

intended user or those who might foreseeably use or service the Wall End Display.

**57.** Levi John Wrigley, deceased, was unaware of the defective design and inherent instability of

the Wall End Display.

**58.** Upon information and belief, Defendant Tristan Andrew was unaware of the defective design

and inherent instability of the Wall End Display.

Seiniger Law Offices, P.A.
942 Myrtle Street
Boise, Idaho 83702
Voice: (208) 345-1000
Facsimile: (208) 345-4700

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**
- 8 -

59. Upon information and belief, Defendant C-A-L Ranch Stores was unaware of the defective design and inherent instability of the Wall End Display.

60. Defendant Lozier Corp. and Defendants John Does I through XX expected the Wall End Display to reach the user or consumer without substantial change in the condition in which it is sold.

61. The Wall End Display did in fact reach Defendant C-A-L Ranch Stores without a substantial change in the condition in which it was sold.

62. Prior to the manufacture of the Wall End Display, Defendant Lozier Corp. and Defendants John Does I through XX failed to ascertain the need for an appropriate warning regarding the instability of the unit.

63. Defendant Lozier Corp. and John Does I through XX whose true identities are unknown were "product sellers", and "manufacturers" as defined by Idaho Code §6-1402.

64. The Wall End Display and Display Shelving unit to which it abutted, and all of the shelving units used by the C-A-L Ranch Store at the time of the product failure referred to below, were "products" as defined in Idaho Code §6-1402.

65. The Wall End Display and Display Shelving unit which it perpendicularly abutted were being used at the time of the product failure within the "useful safe life" of the product as defined by Idaho Code §6-1403(a).

66. Alternatively, the Wall End Display and Display Shelving unit which it perpendicularly abutted were not being used at the time of the product failure within the useful safe life of the product as defined by Idaho Code §6-1403(a), but the nature of the Wall End Display and similar model units designed and manufactured by it was such that the products appeared to have a useful safe life of more than 10 years.

Seiniger Law Offices, P.A.
942 Myrtle Street
Boise, Idaho 83702
Voice: (208) 345-1000
Facsimile: (208) 345-4700

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

- 9 -

**67.** Alternatively, the Wall End Display and Display Shelving unit which it perpendicularly abutted were not being used at the time of the product failure within the useful safe life of the product as defined by Idaho Code §6-1403(a), but Defendant Lozier Corporation knew or should have known that users of the Wall End Display and similar model units designed and manufactured by it did not know and would not perceive from an examination of the products that they did not have a useful safe life of more than 10 years.

**68.** Alternatively, the Wall End Display and Display Shelving unit which it perpendicularly abutted were not being used at the time of the product failure within the useful safe life of the product as defined by Idaho Code §6-1403(a), but Defendant Lozier Corporation did not warn foreseeable users of the Wall End Display and similar model units designed and manufactured by it did not have a useful safe life of more than 10 years, though they appeared to, or of the reasons why the Wall End Display and Display Shelving unit which it perpendicularly abutted did not have a useful safe life of more than 10 years.

**69.** Defendant Lozier Corp. was aware that the Wall End Display and similar model units designed and manufactured by it regularly became unstable and went out of plumb for a variety of reasons, including but not limited to being struck by shopping carts, floor polishers, cleaning equipment, etc.

**70.** Defendant Lozier Corp. was aware that the Wall End Display and similar model units designed and manufactured by it regularly had to be adjusted while installed for the purpose of displaying merchandise in stores due to the fact that such units went out of plumb and became unstable for the foregoing reasons.

**71.** Defendant Lozier Corp. was aware that during the process of replumbing such units, the units became very unstable.

Seiniger Law Offices, P.A.
942 Myrtle Street
Boise, Idaho 83702
Voice: (208) 345-1000
Facsimile: (208) 345-4700

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**
- 10 -

72. Defendant Lozier Corp. was aware that employees of the stores within which its similarly designed Wall End Display units were utilized were not aware of all of the safety considerations attendant to the replumbing of such units.

73. Defendant Lozier Corp. was aware that employees of the stores within which its similarly designed Wall End Display units were utilized had to be warned of the safety considerations attendant to the replumbing of such units to prevent foreseeable injuries, including, but not limited to, items on the shelving falling on employees adjusting the bases of Wall End Display units.

74. Such warnings as Defendant Lozier Corp. provided with respect to the Wall End Display were inadequate.

75. The injury sustained by Levi John Wrigley, deceased, was the result of a design or manufacturing defect in the Wall End Display, or the result of its failure to warn Plaintiff Wrigley of known defects in the end cap and shelving to which it was attached, or both.

76. The defects in the Wall End Display and Display Shelving unit which it perpendicularly abutted were not obvious.

77. The use and maintenance of the Wall End Display by the C-A-L Ranch Store and Levi John Wrigley, deceased, was "reasonably anticipated conduct" as defined by Idaho Code §6-1402.

78. Defendant Lozier Corp. and Defendants John Does I through XX are strictly liable for Plaintiffs' damages under Idaho's Product Liability law as set forth in Idaho Code Title 6, Chapter 14.

## SECOND CAUSE OF ACTION
### Negligence Against Defendant Lozier Corp. and Defendants John Does I through XX

79. Plaintiffs reallege and incorporate by reference all preceding allegations as though fully set forth *in haec verba.*

Seiniger Law Offices, P.A.
942 Myrtle Street
Boise, Idaho 83702
Voice: (208) 345-1000
Facsimile: (208) 345-4700

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**
- 11 -

80. At all times relevant herein Defendant Lozier Corp. and Defendants John Does I through XX had a duty to Levi John Wrigley, deceased, under Idaho law to use due care and to design, manufacture, deliver, and install the end cap and the shelving in the C-A-L Ranch Store to which it was attached, and all shelving designed manufactured, distributed, sold and installed by it in a condition free of defects and to provide adequate warnings to those foreseeably using or coming into contact with said products.

81. Defendant Lozier Corp. and Defendants John Does I through XX breached their duty to Levi John Wrigley, deceased.

82. As a direct and proximate result of Defendant Lozier Corp. and Defendants John Does I through XX breach of their duty, Levi John Wrigley, deceased, was injured as aforesaid.

83. As a direct and proximate result of Defendant Lozier Corp. and Defendants John Does I through XX breach of their duty, Levi John Wrigley died.

84. As a direct and proximate result of Defendant Lozier Corp. and Defendants John Does I through XX breach of their duty, Plaintiffs have suffered actual damages as aforesaid.

### THIRD CAUSE OF ACTION
### Spoliation of Evidence/Intentional Interference With A Prospective Civil Action/Intentional or Reckless Interference with Prospective Advantage Against Defendant C-A-L Ranch Stores

85. Plaintiffs reallege and incorporate by reference all preceding allegations as though fully set forth *in haec verba.*

86. Upon information and belief, at the time of the accident in this case Defendant C-A-L Ranch Stores maintained a video camera system that recorded the incident that injured Levi John Wrigley, deceased, described above.

Seiniger Law Offices, P.A.
942 Myrtle Street
Boise, Idaho 83702
Voice: (208) 345-1000
Facsimile: (208) 345-4700

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**
- 12 -

87. Upon information and belief, within a few days after the incident that injured Levi John Wrigley, deceased, Defendant C-A-L Ranch Stores' manager, Dorothy Sutliff, reviewed the video recording of the incident that injured Levi John Wrigley, deceased, described above.

88. Ms. Sutliff has testified under oath to the effect that when she reviewed the video recording of the incident, she saw Defendant Tristan Andrew intentionally shake the Wall End Display unit.

89. Upon information and belief, Defendant Tristan Andrew's intentionally shook the Wall End Unit.

90. Upon information and belief, Defendant Tristan Andrew's intentionally shaking of the Wall End Unit caused a box on the unit to fall and strike Levi John Wrigley, deceased, on the head.

91. Defendant Tristan Andrew's intentionally shaking of the Wall End Unit was a willful or unprovoked act of physical aggression.

92. The injury sustained by Levi John Wrigley, deceased, was proximately caused by the willful or unprovoked physical aggression of Tristan Andrew.

93. The death of Levi John Wrigley, deceased, was proximately caused by the willful or unprovoked physical aggression of Defendant Tristan Andrew.

94. Notwithstanding the bar of exclusivity contained in Idaho's Worker's Compensation Act, Defendant Tristan Andrew is civilly liable for all injuries and damages caused by his willful or unprovoked physically aggressive conduct.

95. Following her discovery of evidence that Defendant Tristan Andrew's shifting of the Wall End Display unit was an act of willful or unprovoked physical aggression, Dorothy Sutliff contacted the corporate management of Defendant C-A-L Ranch Stores and reported what

Seiniger Law Offices, P.A.
942 Myrtle Street
Boise, Idaho 83702
Voice: (208) 345-1000
Facsimile: (208) 345-4700

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**
- 13 -

she had seen on that video recording.  This video recording is referred to hereafter as "the video recording."

96. Dorothy Sutliff requested that the corporate management of Defendant C-A-L Ranch Stores preserve a copy of the video recording she had viewed showing Defendant Tristan Andrew's intentional shaking of the Wall End Display so that it could be used as evidence in the litigation that she foresaw would result from the injury sustained by Levi John Wrigley, deceased.

97. The corporate management of Defendant C-A-L Ranch Stores advised Ms. Sutliff that it would preserve a copy of the video recording.

98. The corporate management of Defendant C-A-L Ranch Stores understood the evidentiary value of the video recording.

99. Notwithstanding Defendant C-A-L Ranch Stores' knowledge of the evidentiary importance of the video recording, it allowed the original of the recording to be erased, and did not make a copy of the recording.

100. Permitting the original of the video recording to be erased without making a copy was an unreasonable interference with Plaintiffs' right of access to critical evidence in Plaintiffs' wrongful death action and the tort action of Levi John Wrigley and his estate.

101. Upon information and belief based upon the circumstances, Defendant C-A-L Ranch Stores' failure to preserve the original or a copy of the video recording was not simply negligent, but was actuated by an improper motive to destroy evidence that subjected it to civil liability outside of Idaho's Workers Compensation Act.

102. Defendant C-A-L Ranch Stores' motives in this regard were improper and were intended to harm the interests and legitimate expectations of Levi John Wrigley, deceased.

Seiniger Law Offices, P.A.
942 Myrtle Street
Boise, Idaho 83702
Voice: (208) 345-1000
Facsimile: (208) 345-4700

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**
- 14 -

103.    The means used by Defendant C-A-L Ranch Stores to spoil the evidence contained in the video recording were wrongful by reason of a recognized rule of common law prohibiting the spoliation of evidence and by standard risk management practices.

104.    The discovery that Defendant C-A-L Ranch Stores intentionally destroyed the evidence that Tristan Andrew had intentionally shaken the wall end display unit causing Levi Wrigley's injury was not disclosed to Plaintiffs until after the statute of limitations against Tristan Andrew had expired.

105.    Plaintiffs were injured by Defendant C-A-L Ranch Stores' actions as aforesaid.

106.    Defendant C-A-L Ranch Stores hid the fact that they had intentionally destroyed the video recording, and in fact maintained that no such recording had been made.

107.    Defendant C-A-L Ranch Stores fraudulently concealed its knowledge of the contents of the video recording from Plaintiffs.

108.    The existence of the video recording and its contents were confirmed when the deposition of Dorothy Sutliff was taken in this case on January 31, 2013 by Defendant Lozier Corp.

109.    As a result of Defendant C-A-L Ranch Stores spoliation of evidence and fraudulent concealment, Plaintiffs have been deprived of evidence supporting their claims against Defendant Tristan Andrew and Defendant C-A-L Ranch Stores, and they have been deprived of any opportunity to have a jury review the video recording to resolve the contradictory testimony regarding the character of Defendant Tristan Andrew's conduct given by him and Dorothy Sutliff.

### FIFTH CAUSE OF ACTION
**Vicarious Liability Against Defendant C-A-L Ranch Stores**

Seiniger Law Offices, P.A.
942 Myrtle Street
Boise, Idaho 83702
Voice: (208) 345-1000
Facsimile: (208) 345-4700

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**
- 15 -

110.     Plaintiffs reallege and incorporate by reference all preceding allegations as though fully set forth *in haec verba*.

111.     At all relevant times herein, Defendant Tristan Andrew was an employee of Defendant C-A-L Ranch Stores.

112.  At all relevant times herein Defendant Tristan Andrew was performing acts closely connected with what he was employed to do by Defendant C-A-L Ranch Stores and incidental to it.

113.  Defendant Tristan Andrew was wholly or partially engaged in the business of Defendant C-A-L Ranch Stores at the time of the collision described above.

114.  Defendant Tristan Andrew reasonably appeared to be engaged in the business of Defendant C-A-L Ranch Stores at the time of the collision.

115.  At all relevant times herein, Defendant Tristan Andrew was under the direction or control of Defendant C-A-L Ranch Stores at the time of the collision, whether or not Defendant C-A-L Ranch Stores was exercising such direction or control at the time of the incident.

116.  At all relevant times herein, Defendant Tristan Andrew was under the direction or control of Defendant C-A-L Ranch Stores, whether or not Defendant Tristan Andrew conformed his actions to attempts by Defendant C-A-L Ranch Stores to exercise such direction or control.

117.  Pursuant to Idaho Code § 6-1607 and the common law of the State of Idaho, Defendant C-A-L Ranch Stores is vicariously liable to Plaintiffs for the injuries caused them by the acts and omissions of Defendant Tristan Andrew described above and incorporated herein.

Seiniger Law Offices, P.A.
942 Myrtle Street
Boise, Idaho 83702
Voice: (208) 345-1000
Facsimile: (208) 345-4700

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**
- 16 -

## SIXTH CAUSE OF ACTION
## <u>Wrongful Death Against All Defendants</u>

118.     Plaintiffs reallege and incorporate by reference all preceding allegations as though fully

set forth *in haec verba.*

119.     Plaintiffs Wilford Glen Wrigley and Peggy Lyn Wrigley are the natural parents of Levi

John Wrigley, deceased.

120.     As a direct and proximate result of the negligent or otherwise tortious acts and omissions

of Defendant Lozier Corp. and Defendants John Does I through XX, and/or the intentional or

otherwise tortious conduct of Defendant Tristan Andrew, Levi John Wrigley died.

121.     As a direct and proximate result of the negligent or otherwise tortious acts and omissions

of Defendant Lozier Corp. and Defendants John Does I through XX, and/or the intentional or

otherwise tortious conduct of Defendant Tristan Andrew, Plaintiffs Wilford Glen Wrigley

and Peggy Lyn Wrigley have sustained a loss of consortium with Levi John Wrigley.

122.     As the heirs of Levi John Wrigley, Plaintiffs Wilford Glen Wrigley and Peggy Lyn

Wrigley are entitled to recover damages for the wrongful death of Idaho Code § 5-311.

## COSTS AND ATTORNEYS FEES

123.     Plaintiff Wrigley have been required to retain the services of SEINIGER LAW

OFFICES, P.A., in connection with the prosecution of this action and are entitled to her

reasonable costs and attorney's fees incurred herein or such greater amount as may be proven

at trial.

     **WHEREFORE, Plaintiff Wrigley prays judgment against Defendants as follows:**

  1.  For judgment in the amounts proven at hearing in the event that this complaint is not
      answered and defended.

  2.  For Plaintiffs' special and general damages in the amount proven at trial.

  3.  For Plaintiffs' reasonable costs and attorney's fees incurred herein.

Seiniger Law Offices, P.A.
942 Myrtle Street
Boise, Idaho 83702
Voice: (208) 345-1000
Facsimile: (208) 345-4700

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**
- 17 -

4.   For such other and further relief as to the court seem just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues.

DATED: November 18, 2013.

SEINIGER LAW OFFICES, P.A.

Wm. Breck Seiniger, Jr.
*Attorney for Plaintiffs*

Seiniger Law Offices, P.A.
942 Myrtle Street
Boise, Idaho 83702
Voice: (208) 345-1000
Facsimile: (208) 345-4700

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**
- 18 -



EXHIBIT A



EXHIBIT B